William 0. Hecht, Jr., J.
Petitioners seek a review of a determination of the Bent Administrator which denied an overall increase under the 6% net annual return formula. Petitioners purchased the building in question in March, 1955. In June, 1956, they applied for a building-wide rent increase on the ground that during the first year of ownership they suffered an operating loss of over $2,000 and that they required an over-all increase of over $10,000 in order to obtain the minimum 6% net annual return.
The record discloses that the landlord submitted schedules in support of the application in which the claimed return was based on the equalized assessed value of the property of $133,333.33 rather than the purchase price of $128,536. The higher figure was listed by the petitioners even though certiorari proceedings were then pending to reduce the assessed valuation to $100,000. The claimed rental income was $1,300 below the rental registered with the respondent. Beplacement and improvement costs were classified as repair and maintenance expenses and the cost of the repair expense was charged to the test year. An expense item of $1,500 was included as a legal fee payable to one of the petitioners, an attorney, for legal services.
Bespondent, allegedly in conformity with his prescribed procedures in such cases, allowed repair and maintenance expense for the test year equal to 18% of the corrected rent roll. He transferred the expense items which should have been classified as replacement and improvements from the maintenance schedule and allowed them to the extent of their proportionate annual cost on the basis of individual life expectancies. On the basis of these adjustments, including what respondent claims tó be the standard allowance of one third of the stated legal fees as a test year expense, he found the property to be yielding a net *147 annual return in excess of the 6% authorized by statute and denied the application.
Petitioners contend that respondent incorrectly defines “ net annual return ” and that this phrase as defined by the appropriate statute means “ the amount by which the earned income exceeds the operating expenses of the property ”, and that any allocation by the Administrator over a period of years is uncalled for.
The position taken by petitioners is obviously unsound. Under their interpretation, it would be possible for a landlord to incur a substantial expenditure for various repairs and improvements during the test year and to use those expenditures as a basis for a rent increase. As respondent correctly points out, it is hardly necessary to stress that certain items of repair and maintenance do not recur with regular annual frequency and that the particular cost of each subclassification of repair and improvement varies from time to time and the frequency of occurrence and is not susceptible of precise determination. Clearly it would be unfair to charge the entire cost of a repair item to the test year merely because the repair was made during that period.
It may not be said that the respondent is unreasonable in equalizing abnormal or subnormal repair costs incurred during the test period and requiring applicant to submit the property’s actual experience of repair cost for the test year and the three preceding years, regardless of actual ownership during that period. Respondent’s method of adding the costs during the four-year period and dividing them by four and thus finding an average annual repair expense, which average is the amount allowed as the repair expense for the test year is not unfair or unsound. Recognizing that in some instances the property’s most recent four years ’ experience is not available, and that the procedure outlined above cannot be followed, respondent conducted a study of hardship applications in which four-year-maintenance costs were submitted. According to respondent, this study disclosed that the average annual maintenance cost rarely exceeded 18% of the rent roll and in the majority of cases was substantially lower. In consequence, in cases where the landlord has held the property for less than four years and where he is unable to obtain the information from the prior owner as to the four-year-expense total, the amount allowed is the one-year proportion of the amount approved, subject to the limitation of 18% of the rental income.
It appears that in the absence of the four-year-actual experience, respondent in allowing petitioners’ repair expense based *148 upon the general experience for similar properties, was not unreasonable. The Administrator is entitled to exercise the broad discretion granted to him by the Legislature and there has been no showing here that there was an abuse of that discretion or that his determination was arbitrary, unreasonable or capricious. The application is denied and the petition is dismissed.